THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON E. ADAMS, # A-60952, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:23-cv-00738-GCS |
| ) | |
| JENNIFER BASLER, and ) | |
| ABBY BENNETT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Byron E. Adams is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Big Muddy River Correctional Center. He brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He claims that Defendants failed to give him prescribed medications and to change his leg dressing as directed by his doctor. This conduct was in retaliation for Plaintiff having filed grievances against the Defendants.

Plaintiff's Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims.[1] *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture,

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 8), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and the IDOC and Wexford Health Sources, Inc.

the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv*ice, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff is diabetic and is on several prescriptions for that condition as well as for his blood pressure. He alleges that on December 31, 2022, Jennifer Basler[2] passed out morning medications in his cell house, but he was not released from his cell to get his prescriptions, and she did not bring them to his cell. At about 11:00 a.m. that day, Plaintiff went to health care to have his daily leg wrap, which Basler performed. He asked for the missed medication, but Basler responded it was too late, and she refused to give it to him. Plaintiff had complained many times to the Health Care Administrator about Basler's failure to follow the doctor's orders and had filed grievances against Basler, to no avail. Plaintiff believes Basler intentionally withheld his medication in retaliation for his grievances and complaints. (Doc. 1, p. 10-11).

Plaintiff's doctor prescribed daily dressing changes for his left leg. This included wrapping the leg and applying compression socks to address complications from surgery on that leg for gangrene in 2008. Abby Bennett failed to follow these orders on January 9, 2023, and Plaintiff filed a grievance against her. (Doc. 1, p. 12). Plaintiff asserts Bennett refused to attend to his leg that day in retaliation for earlier grievances he had filed against her.

---

[2]   The Complaint identifies Defendants Jennifer Basler and Abby Bennett only by their first names. (Doc. 1). Plaintiff later filed a motion to add their surnames. (Doc. 16, 17). Plaintiff identifies both Defendants as LPNs employed by Wexford. (Doc. 1, p. 1-2).

On February 23, 2023, Bennett was on medication duty and failed to give Plaintiff his morning medication. Later that morning, Plaintiff went to health care to get the medication and to have his leg wrapped. Plaintiff had other staff ask Bennett to give him his medication, but she refused. (Doc. 1, p. 13-14).

Plaintiff seeks monetary damages. (Doc. 1, p. 15).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference claim against Basler for failing to provide Plaintiff with his prescribed medications on December 31, 2022.
>
> Count 2: Eighth Amendment deliberate indifference claim against Bennett for failing to provide Plaintiff with his prescribed leg dressing changes on January 9, 2023, and his medications on February 23, 2023.
>
> Count 3: First Amendment retaliation claim against Basler and Bennett for denying Plaintiff's medications and against Bennett for denying Plaintiff's leg dressing changes because Plaintiff filed grievances and/or lodged complaints against them.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading**

**standard**.[3]

### Counts 1 and 2

Prison medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Deliberate indifference is demonstrated where a prison official acted or failed to act despite his/her knowledge of a serious risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff's diabetes, leg condition, and need for blood pressure medication demonstrate that he has objectively serious medical conditions. This was recognized by the doctor who prescribed Plaintiff with medications and daily leg dressings. Defendants Basler and Bennett knew that Plaintiff needed his regular medications and leg wraps yet failed to provide them. At this early stage, Plaintiff's allegations are sufficient to proceed on the deliberate indifference claims against Basler (Count 1) and Bennett (Count 2).

### Count 3

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See Gomez v. Randle*, 680

---

[3] *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005, 1008-09 (7th Cir. 2002). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). Here, Plaintiff alleges that Basler and Bennet deprived him of his medications and leg dressing changes after he had lodged complaints and grievances against them. Such a chronology arguably presents a colorable claim of retaliation, therefore, Count 3 will proceed for further consideration.

## DISPOSITION

The Complaint states colorable claims in Count 1 against Basler, in Count 2 against Bennett, and in Count 3 against both Defendants.

The Clerk shall prepare for Jennifer Basler and Abby Bennett: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for

sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

IT IS SO ORDERED.

DATED:   August 11, 2023.

_____
**GILBERT C. SISON**
**United States Magistrate Judge**

Digitally signed by Judge Sison
Date: 2023.08.11 10:05:26 -05'00'

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.